**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                   *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID MCCREARY,** | : | **Civil Action No.** |
| 23 E 6th Street | : | |
| Lansdale, PA 19446 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **ADULT WORLD, INC.,** | : | |
| 880 South West End Boulevard Route 22 | : | |
| Quakertown, PA 18951 | : | |
| Defendant. | : | |

**CIVIL ACTION**

Plaintiff, David McCreary (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Adult World, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Adult World, Inc. is an adult entertainment store with a location and headquarters located at 880 South West End Boulevard Route 22,

Quakertown, PA 18951.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII of the Civil Rights Act of 1964, as amended, and the Pennsylvania Human Relations Act.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination against Defendant.

14. The Complaint was assigned a Charge Number of 530-2023-06497 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 7, 2023. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is a biological male.

21. In or around January 2023, Defendant hired Plaintiff in the position of Cleaner/Clerk.

22. Plaintiff was well qualified for his position and performed well.

23. Since the start of Plaintiff's employment with Defendant, Kevin Krupiewski, District Manager, has hired two (2) transgender Clerks (DeDe Santiago and Courtney Robinson) at Defendant's Quakertown location.

24. Throughout Plaintiff's employment, he has complained of disparate treatment between the transgender and non-transgender employees at Defendant.

25. In or around April 2023, Plaintiff complained to Krupiewski that Santiago and Robinson frequently arrived late to work and kept the store open past store hours.

26. Krupiewski refused to address Plaintiff's complaints, stating that he would not issue Santiago or Robinson write ups.

27. In fact, Krupiewski promoted Robinson to Store Manager within 90-days of the start of her employment.

28. Plaintiff, who had worked at Defendant longer, did not get offered a promotion within 90 days of his employment.

29. In contrast, in or around March 2023, a customer made a false complaint about Stacy Yoder (biological female), Store Manager.

30. Krupiewski immediately wrote Yoder up for this complaint, despite the fact that Plaintiff, as a witness to the customer interactions, provided a statement disproving the complaint.

31. On or around June 4, 2023, Krupiewski approached Plaintiff as he was opening the store in the morning.

32. Krupiewski abruptly terminated Plaintiff's employment.

33. Krupiewski stated the reason for termination was that Plaintiff put a drape over the fire exit.

34. Importantly, Plaintiff had done this so that children could not look into Defendant's store window.

35. Plaintiff had not been told to remove this drape prior.

36. Krupiewski also alleged that Plaintiff kept a tip jar on the counter.

37. Krupiewski accused Plaintiff of stealing money from the store.

38. Prior to this day, Plaintiff had not been told by anyone at Defendant that there could not be a tip jar on the counter.

39. That same day, Krupiewski terminated Yoder's employment as well.

40. Importantly, at that time, Yoder was the only other non-transgender employee that worked at Defendant's Quakertown location.

41. A month prior, Krupiewski had terminated the only other non-transgender employee, Robert Warthington (biological male).

42. Following Plaintiff and Yoder's same-day termination, Krupiewski only kept transgender employees on the staff at Defendant's Quakertown location.

43. Following Plaintiff's termination, Plaintiff contacted Tamika LNU, Payroll, and Sharon LNU, Human Resources.

44. Tamika and Sharon stated that they were not aware of Plaintiff's termination and Defendant did not have a termination letter prepared for him.

45. It is Plaintiff's belief that he was discriminated against due to his gender in violation of Title VII and the PHRA.

## COUNT I – GENDER DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

46. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

47. Plaintiff is a member of protected classes in that he is male.

48. Plaintiff was qualified to perform the job.

49. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

50. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

51. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

52. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

53. Defendant terminated Plaintiff.

54. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – GENDER DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

55. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

56. Plaintiff is a member of protected calluses in that he is male.

57. Plaintiff was qualified to perform the job.

58. Similarly situated persons outside of Plaintiff's protected classes were treated more

favorably than Plaintiff.

59. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

60. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

61. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

62. Defendant terminated Plaintiff.

63. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, David McCreary, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**
**KOLLER LAW, LLC**

Date: November 6, 2023         By:   */s/ David M. Koller*
                                     David M. Koller, Esquire (90119)
                                     Jordan D. Santo, Esquire (320573)
                                     2043 Locust Street, Suite 1B
                                     Philadelphia, PA 19103
                                     215-545-8917
                                     davidk@kollerlawfirm.com
                                     jordans@kollerlawfirm.com

                                     *Counsel for Plaintiff*