**KOLLER LAW, LLC**
David M. Koller, Esq. (90119)                                          *Counsel for Plaintiff*
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID MCCREARY,**<br>    **Plaintiff,**<br><br>              **v.**<br><br>**ADULT WORLD, INC.,**<br>    **Defendant.** | **Civil Action No. 2:23-cv-04332-MMB** |

**PLAINTIFF DAVID MCCREARY'S BRIEF IN OPPOSITION TO
DEFENDANT ADULT WORLD, INC.'S
<u>MOTION TO DISMISS</u>**

**I. <u>MATTER BEFORE THE COURT</u>**

Plaintiff David McCreary ("Plaintiff"), by and through his attorneys KOLLER LAW, LLC, respectfully submits this Brief in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint. Plaintiff's Complaint validly pleads claims of discrimination in violation of Title VII and the PHRA. Additionally, although Plaintiff's administrative remedies under the PHRA are not yet exhausted, they will be as of no later than July 5, 2024. Any dismissal of the PHRA claim should be without prejudice as amendment can cure the failure to exhaust claim and it does not warrant dismissal with prejudice. In the alternative, if the Court is inclined to grant the motion to dismiss on grounds other than based on exhaustion of administrative remedies, it should instead allow Plaintiff leave to amend his complaint in lieu of dismissal with prejudice.

## II. STATEMENT OF FACTS[1]

Plaintiff is a biological male. Compl. ¶20. Plaintiff is cisgender as his gender identity corresponds with the sex the person was identified as having at birth.[2] Defendant hired Plaintiff in the position of Cleaner/Clerk in or around January 2023. Compl. ¶21. Plaintiff was qualified for his position and performed well. Compl. ¶22. After Plaintiff began employment with Defendant, Kevin Krupiewski, Defendant's District Manager hired two (2) transgender clerks (D.S. and C.R.) at Defendant's Quakertown location. Compl. ¶23. Plaintiff, who is cisgender and not transgender, has complained of Defendant's disparate treatment of transgender and non-transgender (or cisgender) employees. Compl. ¶24.

By way of example and not limitation, Plaintiff complained to Krupiewski that D.S. and C.R. frequently arrived late to work and kept the store open past the operating hours. Compl. ¶25. Krupiewski refused to address Plaintiff's complaints and told Plaintiff he would not discipline or otherwise issue write-ups to D.S. and C.R. See Compl. ¶26. Quite the contrary, Krupiewski promoted C.R. to store manager within 90-days of the start of C.R.'s employment. Compl. ¶27. Plaintiff, who had worked at Defendant longer than C.R., was not offered a promotion within 90-days of the start of his employment. Compl. ¶28.

In or around March 2023, a customer made a false complaint about Stacy Yoder (biological and cisgender female), Store Manager. Compl. ¶29. Krupiewski immediately disciplined Yoder via write-up based on this complaint despite the fact that Plaintiff witnessed the customer interaction and provided Defendant with a statement disproving the complaint. Compl. ¶30.

---

[1] All references to the Complaint ("Compl.") are references to the Complaint filed as ECF Document 1 in this case.

[2] "Cisgender" *Merriam-Webster.com Dictionary*, MERRIAM-WEBSTER, <<https://www.merriam-webster.com/dictionary/cisgender>> (last accessed Mar 18, 2024).

On or about June 4, 2023, Krupiewski approached Plaintiff as he was opening the store in the morning and abruptly terminated Plaintiff. Compl. ¶¶31-32. Krupiewski stated Defendant was terminating Palintiff because Plaintiff put a drape over the fire exit, or words to that effect. Compl. ¶33. Plaintiff had only placed a drape over the fire exit as there was a window into Defendant's store in this exit and the drape was put up so that children could not look into Defendant's store window. Compl. ¶34. Defendant never told Plaintiff to remove this drape prior to terminating his employment. Compl. ¶35. Krupiewski then also accused Palintiff of keeping a tip jar on the counter and stealing money from the store, or words to that effect. Compl. ¶¶36-37. Prior to his termination, Defendant had never told Plaintiff that tip jars were not permitted on the counter at Defendant's store. Compl. ¶38. Defendant also terminated Yoder's employment that same day. Compl. ¶39.

Upon information and belief, Yoder and Plaintiff were the only cisgender employees working at Defendant's Quakertown location at the time. Compl. ¶40. Just one month prior, Krupiewski had terminated the only other cisgender employee, Robert Warthington (biological male). Compl. ¶31. Defendant only maintained the employment of its transgender employees at the Quakertown location after terminating Plaintiff and Yoder, the remaining cisgender employees. Compl. ¶42.

Following his termination, Plaintiff reached out to Tamika (Last Name Unknown) ("Tamika") in Defendant's Payroll and Sharon (Last Name Unknown) ("Sharon") at Defendant's human resources to inquire about his termination. See Compl. ¶43. Both Tamika and Sharon indicated they were not aware of Plaintiff's termination and did not have a termination letter prepared for him. Compl. ¶44. Based on the foregoing, Defendant treated Plaintiff, cisgender, differently than non-cisgender employees, based on his gender identity, which is a form of sex discrimination, in violation of Title VII and the PHRA. See Compl. ¶45.

## III. STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2) The pleading standard of Rule 8 does not require "detailed factual allegations, but it must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (quoting Bell Atlantic Corp. v. Twombly, 55 U.S. 544, 555 (2007)). "In a Rule 12(b)(6) motion, the court evaluates the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs and determining whether they state a claim as a matter of law." See Gould Elec. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

Courts are not bound to accept as true a legal conclusion couched as a factual allegation. See Twombly, 550 U.S. at 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Factual allegations "that are 'merely consistent with' a defendant's liability" or that permit a court to infer no more than "the mere possibility of misconduct" are not enough. Tristate HVAC Equip., LLP v. Big Belly Solar, Inc., 752 F. Supp. 2d 517, 526 (E.D.Pa 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Twombly, 550 U.S. at 557)). The plausibility standard is not akin to a "probability requirement," but requires more than just the possibility that a defendant acted unlawfully. Iqbal, 556 U.S. at 678. Plaintiff must plead "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In the context of employment discrimination claims, a plaintiff need not plead the *prima facie* elements to defeat a motion to dismiss; a plaintiff need only present "facial plausibility." See Dreibelbis v. Cnty. Of Berks, 438 F. Supp. 3d 304, 308 (E.D. Pa. 2020). To be facially plausible, all the allegations must state are enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim's necessary elements. Connelly v. Lane Construction Corp., 809 F.3d 780, 789 (3d Cir. 2016). This is because the burden shifting framework of McDonnell Douglass does not apply at the motion to dismiss stage. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002). Plaintiff's claims of discrimination in his Complaint easily meet this burden.

## IV. ARGUMENT[3]

### A.   PLAINTIFF PLEADS VALID CLAIMS OF RACE DISCRIMINATION IN VIOLATION OF TITLE VII AND THE PHRA.

Plaintiff's claims of discrimination in violation of Title VII and the PHRA based on his gender identity are well-pleaded and the motion to dismiss should be denied. For a plaintiff to establish a *prima facie* claim of discrimination, he must show: (1) he is a member of a protected class; (2) he was qualified for the position he performed in; (3) he suffered an adverse employment action, and (4) the action occurred under circumstances giving rise to an inference of discrimination. Mandel v. M&Q Packaging Corp., 706 F.3d 157, 169 (3d Cir. 2013). Again, while a *prima facie* claim is sufficient to defeat a motion to dismiss, it is not necessary.

#### 1.   Discrimination against an individual based on gender identity, whether it be transgender or cisgender, is necessarily discrimination based on sex.

Discrimination based on an individual being transgender is a violation of Title VII. Bostock v. Clayton Cnty., 140 S. Ct. 1731, 1737 (2020). This is because, the Bostock Court ruled, "[f]or

---

[3] As Pennsylvania Courts generally interpret the PHRA in accord with its federal counterparts, to include Title VII, the claims of Title VII discrimination and PHRA discrimination are discussed jointly as discrimination. See Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996).

an employer to discriminate against employees for being . . . transgender, the employer must intentionally discriminate against individual men and women in part because of sex." Id. at 1743. The Bostock Court further held that an employer cannot escape liability by demonstrating it treats males and females comparably as a group. Id. at 1744. An employer who intentionally fires a transgender employee in part because of that individual's sex violates the law, even if the employer subjects all male and female transgender employees to the same rule. Id. at 1745. By discriminating against transgender persons, the employer is discriminating against a person with one sex identified at birth and a different sex now. Id. at 1746. The same must therefore apply in the converse: by discriminating against a cisgender person, the employer is discriminating against a person because they continue to identify as the same sex identified as birth; treating those who are transgender, not identifying as the same sex that was identified as birth is considering and favoring certain qualities in an employee based upon their biological sex identified at birth and whether or not that person is cisgender or transgender. If discrimination based on transgender status necessarily entails discrimination based on sex, then so too must discrimination based on cisgender status. See id. at 1746-47.

This logic is consistent with this Circuit's ruling in Bibby v. Philadelphia Coca Cola Bottling Co., 260 F.3d 257 (3d Cir. 2001). The Bibby Court relied upon the Supreme Court's ruling in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). The Bibby Court held that discrimination based on a victim's noncompliance with a gender stereotype was discrimination based on sex. Bibby, 260 F.3d at 264. This was because the Court in Hopkins stated: "we are beyond the day when an employer could evaluate employees by assuming or insisting that they matched the stereotype associated with their group, for 'in forbidding employers to discriminate against individuals because of their sex, Congress intended to strike at the entire spectrum of disparate

treatment of men and women resulting from sex stereotypes.'" <u>Id.</u> at 263 (<u>quoting</u> <u>Hopkins</u>, 490 U.S. 251 (internal quotation omitted)). Treating individuals differently based on their gender identity is inherently discriminatory based on sex as it is tolerating certain traits based on sex and not tolerating other traits based on sex. If an employer discriminates against cisgendered individuals and not transgender individuals, it is penalizing employees for being cisgender and identifying the with the same sex identified as birth, which is discrimination based on sex.

### 2. Plaintiff sufficiently pleads his claim of discrimination based on sex to defeat a motion to dismiss under Rule 12(b)(6).

Plaintiff pleads he is a member of a protected class, in that he is male. He pleaded that he was well qualified to perform the duties of the position and performed them well without indication of poor performance or discipline until his termination. Plaintiff pleaded an adverse employment action, which was his termination. What ultimately remains is the question of whether Plaintiff adequately pleads circumstances giving rise to an inference of discrimination. Plaintiff did so in his Complaint. <u>See</u> Compl. ¶¶23-24, 40-41. Plaintiff pleaded that Krupiewski and Defendant terminated all cisgender men and the one cisgender woman working at the Quakertown location within a two month period while treating the two transgender employee comparators more favorably. <u>See</u> Compl. ¶¶25-32, 39-42. As discussed in <u>Bostock</u>, it does not matter if an employer treats all homosexual or transgender employees the same: there is no way to separate discrimination based on sexual orientation or being transgender without discriminating against that person for displaying certain traits based on their sex. <u>See</u> <u>Bostock</u>, at 1746. Discrimination based on transgender status necessarily entails discrimination based on sex as "the first cannot occur without the second." <u>Id.</u> at 1747. The same is true for cisgender individuals: discrimination against individuals based on them being cisgender is inherently based on sex. As such, Plaintiff's claims

of discrimination based on sex are sufficiently pleaded to defeat a motion pursuant to Rule 12(b)(6). Defendant's Motion should be Denied.

**B.   PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES UNDER THE PHRA IS NOT FATAL; THE EEOC ISSUED A DISMISSAL AND NOTICE OF RIGHTS AND, ALTERNATIVELY, AMENDMENT ON OR AFTER JULY 5, 2024, WILL CURE THE ALLEGED DEFICIENCY.**

Plaintiff's failure to exhaust administrative remedies under the PHRA is not fatal. As Plaintiff's administrative remedies under the PHRA will be exhausted in the course of this litigation, and no later than July 5, 2024, if the Court elects to dismiss Plaintiff's PHRA claims for failure to exhaust administrative remedies, it should do so without prejudice as Amendment will cure the deficiency. Instead, Plaintiff proposes holding the motion to dismiss the PHRA claim for failure to exhaust administrative remedies in abeyance until July 5, 2024 as dismissing and requiring amendment at this juncture would be a waste of judicial resources. As both the PHRA and Title VII claims require discovery and analysis of the same facts, it would be nothing more than formulaic. Additionally, considering that other Courts in this district have considered an EEOC right to sue sufficient to defeat a motion to dismiss for failing to exhaust administrative remedies under the PHRA, it would be unnecessary to grant a motion to dismiss on this ground. See Simon v. IPS – Integrated Project Servs., LLC, 2018 U.S. Dist. LEXIS 125012 **6-9 (E.D. Pa. July 25, 2018) (Jones II, J.).

Alternatively, instead of dismissal, this Court could instead permit Plaintiff to amend his complaint or dismiss his PHRA claims without prejudice to refiling his PHRA claims on or after July 15, 2024, which would cure any alleged failure to exhaust administrative remedies. Courts in this judicial district have regularly ruled that a prematurely filed complaint can be cured of failing to exhaust administrative remedies if the complaint is amended after the one year limitation. See Simon at **8-9 (citing a string of cases in the Eastern District of Pennsylvania which have denied

motions to dismiss PHRA claims for failure to exhaust administrative remedies when the complaint was amended after the one-year jurisdiction expired). In the event that this Court does determine dismissal is appropriate for failure to exhaust administrative remedies under the PHRA, Plaintiff should be permitted to amend his complaint and reassert the PHRA claims on or after July 5, 2024 without necessitating further leave of this Court. As it will have been more than one-year since the charge was filed, amendment would not be futile and would cure the alleged deficiency.

### C.   IN THE ALTERNATIVE, IF THE COURT IS INCLINED TO GRANT DEFENDANT'S MOTION, PLAINTIFF REQUESTS LEAVE TO AMEND THE COMPLAINT IN LIEU OF DISMISSAL.

Should this Court be inclined to grant Defendant's motion, Plaintiff instead asks for leave to amend his Complaint in lieu of dismissal. Although Plaintiff believes he has properly pleaded claims of discrimination in violation of Title VII and the PHRA, Plaintiff could cure any defects this Court deems are in the Complaint through amendment. Generally speaking, prior to trial, a plaintiff is permitted to amend its pleading once in the matter of course within 21 days after service of a motion under Federal Rule of Civil Procedure 12(b). Fed. R. Civ. P. 14(a)(1)(B). In all other cases before trial, a plaintiff may amend only with the consent of an opposing party or leave of the Court, which the Court should freely give when justice so requires. Fed. R. Civ. P. 14(a)(2).

Any deficiencies in the pleadings identified by the Court could be amended pursuant to Rule 14, which would cure those deficiencies. Such an amendment would not prejudice Defendant as the proceedings are early, no discovery has taken place, and Defendant has not yet answered. Additionally, Plaintiff would otherwise be permitted to amend as a matter of course if not otherwise opposing Defendant's Motion.

For the foregoing reasons, Plaintiff would ask, in the alternative to the relief stated above, that Plaintiff be permitted to amend the Complaint in lieu of dismissal.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss Plaintiff's Complaint and enter an order substantially in form with the Order submitted herewith.

Respectfully Submitted,

**KOLLER LAW, LLC**

By:      /s/ David M. Koller
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com
T: (215) 545-8917
F: (215) 575-0826
*Counsel for Plaintiff*

DATE: March 18, 2024