UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID MCCREARY, | : | |
| | : | No. 2:23-cv-04332-MMB |
| Plaintiff, | : | |
| v. | : | |
| | : | Honorable Michael M. Baylson |
| ADULT WORLD, INC., | : | |
| | : | |
| Defendant. | : | |

## REPLY IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS COMPLAINT

This Court should dismiss Plaintiff's Complaint because Plaintiff has failed to plausibly allege sex discrimination under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA"). All parties to this case agree that the United States Supreme Court in *Bostock* held that "[f]or an employer to discriminate against employees for being homosexual or transgender, the employer must intentionally discriminate against individual men and women in part because of sex." *See* ECF No. 6, at 5-6 (citing *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 662 (2020). The Court in *Bostock* noted that, while homosexuality and transgender status are distinct concepts from sex, the first cannot happen without the second. *Bostock*, 590 U.S. at 660. For example, if an employer fires an employee because she is a woman who is married to a woman, but would not do the same to a man married to a woman, the employer is taking an action because of the employee's sex because the action would not have taken place but for the employee being a woman. *Id.* The Court also analogized "sexual harassment" which is distinct from sex discrimination, but it can fall within Title VII's sweep." *Id.* at 669. **However,**

**the reverse is <u>not</u> necessarily true**. Plaintiff claims the reverse is true without citation to <u>any</u> case which supports that notion. In fact, Plaintiff's assertion appears to be an issue of first impression. A plain reading of Title VII and analogous cases does not support reverse discrimination claims for "cisgender" employees under the facts alleged in this case.

This Court should also dismiss Plaintiff's PHRA claim because Plaintiff failed to exhaust his PHRA claim with the Pennsylvania Human Relations Commission ("PHRC"). Further, Plaintiff has failed to show any good faith that would warrant excusing his failure to exhaust his PHRA claim. *See, e.g.*, *Kozlowski v. Extendicare Health Serv., Inc.*, No. CIV. A. 99-4338, 2000 WL 193502, at *4 (E.D. Pa. Feb. 17, 2000) (finding absence of good faith where plaintiff filed her initial complaint just over five months after filing her PHRA complaint with the PHRC).

I. **ARGUMENT**

    A. **The Alleged Offensive Conduct in this Case was not "Based on Sex"**

The alleged offensive conduct in this case was not "based on sex," and accordingly, this matter should be dismissed with prejudice. The United States Supreme Court has stated that the "critical issue" based on the text of Title VII, "is whether members of one sex are exposed to disadvantageous terms or conditions of employment *to which members of the other sex are not exposed.*" *Connell v. Principi*, 2007 WL 3274285 at *11 (W.D. Pa. Nov. 5, 2007) (quoting *Oncale v. Sundower Offshore Services, Inc.*, 523 U.S. 75, 80 (1998)). The Supreme Court explained that "Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed at 'discrimination . . . because of . . . sex." *Id.* In *Connell*, the Western District was presented with "an almost classic instance of an 'equal opportunity' harasser who "is not treating one sex better (or worse) than the other; [she] is treating both sexes the same (albeit badly)." *Id.* (quoting *Holman v. Indiana*, 211 F.3d 399, 403 (7th Cir. 2000). There, the record evidence showed that the harasser's

offensive conduct "was either directed at both men and women or lacked the necessary gender based discriminatory animus." *Id*. at *15 (citing *Oncale*, 523 U.S. at 80). The case against the equal opportunity harasser was ultimately dismissed.

In the present case, Plaintiff has alleged in the Complaint that both an individual male employee and an individual female employee were treated identically and were both terminated on the same day. *See* Compl. ¶ 39.[1] Plaintiff has not pointed to any allegations of discrimination "because of sex." In *Bostock*, the Supreme Court held an employer violates Title VII by terminating an individual "because of" the individual's sex, *i.e.*, for being homosexual or being a transgender person. *Bostock*, 590 U.S. at 644. It found that it was "impossible to discriminate against a person for being homosexual or transgender without discriminating against the individual based on sex." *Id*. at 660. However, the Supreme Court did not state in *Bostock* that the reverse was true.

### B. The Reverse is Not Necessarily True

There are several examples of discrimination cases in which the facts allow discrimination to be inferred, but the reverse may not be true. For example, some courts have permitted racial discrimination to be inferred from national origin discrimination, but not vice versa. *Goodlet v. City of Chicago*, 20023 WL 2499862 at *3 n.2, (N.D. Ill. Mar. 14, 2023) (citing *Johnson v. Joliet Junior College*, 2009 WL 674357 at *3 (N.D. Ill. Mar. 13, 2009) (reasoning that "a claim of national origin discrimination may also substantiate a claim for racial discrimination," but "the reverse is not true."). Courts have also pointed out distinctions between sexual harassment and gender discrimination. There is no law specifically outlawing sexual harassment. *Vandeventer v.*

---

[1] In fact, Adult World was recently served with an EEOC Charge filed by Ms. Tina Yoder containing almost identical allegations presented by Plaintiff in this case.

*Wabash Nat. Corp.*, 887 F. Supp. 1178 1180 (N.D. Ind. 1995). "Sexual harassment is illegal because and only because it is a form of gender discrimination under Title VII." *Id*. "One can most certainly be the victim of gender discrimination without being a victim of sexual harassment; however, the reverse is not true." *Id*. One can not be the victim of actionable sexual harassment if one is not a victim of gender discrimination." *Id*.

This Court has granted a 12(b)(6) motion when a plaintiff failed to "allege any facts showing [her] sex was a factor in her termination," *i.e.*, that "she was replaced by a male employee or that similarly situated male employees were treated more favorably." *Inella v. Lenape Valley Fdn.*, 2014 WL 3109973 at *3 (E.D. Pa. July 8, 2014) (Baylson, J.). Plaintiff has offered no allegations that male and female employees were treated any differently because of their sex. Accordingly, there has been no violation of either Title VII or the Pennsylvania Human Relations Act.

### C.   Plaintiff Failed to Exhaust his PHRA Claim

Plaintiff's failure to exhaust his Pennsylvania Human Relations Act ("PHRA") claim warrants dismissal thereof, as he has not demonstrated good faith. Plaintiff filed his PHRA claim with the Pennsylvania Human Relations Commission ("PHRC") on July 5, 2023, and filed this PHRC claim in this Court on .November 6, 2023. Courts in the Third Circuit have recognized that the PHRC has one year of exclusive jurisdiction over PHRC claims to investigate and potentially conciliate the claims. *See, e.g.*, *Wardlaw v. City of Philadelphia*, No. CIV. 09-3981, 2011 WL 1044936, at *3 (E.D. Pa. Mar. 21, 2011).

Here, Plaintiff impermissibly filed his PHRA claim in this Court just months after he filed his PHRA claim in the PHRC. Granted, courts in the Third Circuit have allowed plaintiffs to maintain their PHRA claim if the one-year exhaustion period expires during litigation, or granted

leave to amend after exhaustion. *Rizzotto v. Quad Learning, Inc.*, No. CV 18-4630, 2019 WL 2766588, at *4 (E.D. Pa. June 28, 2019). However, this Court has also required good faith in the invocation of the procedures set forth in the PHRA. *See, e.g.*, *id.*; *Lyons v. Springhouse Corp.*, No. CIV. A. 92-6133, 1993 WL 69515, at *3 (E.D. Pa. Mar. 10, 1993).

Here, Plaintiff invites confusion in citing *Simon v. IPS-Integrated Project Servs.*, where the issue of exhaustion under the PHRA was moot because plaintiff satisfied the one-year exhaustion period of the PHRA after amending his complaint. No. CV 17-03474, 2018 WL 3585137, at *4 (E.D. Pa. July 26, 2018). Further, Plaintiff errs in his reliance on *Simon* for the proposition that a "EEOC right to sue" somehow satisfies the PHRA exhaustion requirement. *See* ECF No. 6, at 8. *Simon* itself was misguided in its reliance on *Woodson v. Scott Paper Co.*, which was concerned with whether the plaintiff satisfied the *federal* exhaustion requirements for his federal anti-discrimination claims. *Woodson v. Scott Paper Co*, 109 F.3d 913, 926 (3d Cir. 1997).

Indeed, the court in *Simon* suggested that the work-sharing agreement between PHRC and EEOC apportions both state and federal jurisdiction, and that dual-filing an EEOC charge of discrimination in itself satisfies "PHRA's prerequisites." *Simon*, 2018 WL 3585137 at *3. However, as the Third Circuit in *Woodson* made clear, and as this court in *Rizzotto* has agreed, the work-sharing agreement between PHRC and EEOC is only relevant as to a plaintiff's *federal* claim, not as to the plaintiff's PHRA claim. *Woodson*, 109 F.3d at 926; *Rizzotto*, 2019 WL 2766588, at *3 n.5 ("The Simon court's conclusion, however, is premised on a misreading of the work-sharing agreement."). The Third Circuit further explained, "[w]hether a plaintiff has initiated PHRC proceedings under the PHRA is a state law issue." *Woodson*, 109 F.3d at 926-27. Thus, *Woodson* is most appropriately construed as apportioning initial jurisdiction as to *federal* anti-discrimination claims. And PHRA requires the plaintiff to wait one year after filing any

PHRA claim with PHRC, to allow PHRC to investigate and potentially conciliate the PHRA claims. 43 Pa. Stat. Ann. § 962(c)(1).

Further, Plaintiff filed his PHRA claim in this court only four months after filing his PHRA claim with the PHRC, which shows bad faith. *See, e.g.*, *Kozlowski v. Extendicare Health Serv.*, Inc., No. CIV. A. 99-4338, 2000 WL 193502, at *4 (E.D. Pa. Feb. 17, 2000) (finding no good faith where plaintiff brought PHRA claim in federal court five months after filing PHRA complaint with the PHRC); *cf Atkinson v. Lafayette Coll.*, No. CIV.A.01-CV-2141, 2002 WL 123449, at *3 (E.D. Pa. Jan. 29, 20020 ("Plaintiff has not demonstrated lack of a good faith use of the PHRA administrative procedures by, for example, **filing her lawsuit months before the one-year period elapsed**, or not filing an administrative complaint at all. As a result, Defendants' Motion is denied on this issue.") (emphasis added). This Court should find that, in this context, filing the PHRA claim *eight months* before the expiration of the PHRA exhaustion period shows a lack of good faith. Thus, this Court should dismiss his PHRA claim with prejudice, as Plaintiff has neither satisfied the PHRA's exhaustion requirements, nor showed good faith in seeking to meet these requirements.

## II.     CONCLUSION

For the reasons set forth above, Defendant Adult World respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP


By:*/s/ Alexander Nemiroff*

Alexander Nemiroff (PA ID. #92250)
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103
Telephone:    (267) 602-2040

Attorney for Defendant
Adult World, Inc.

- 8 -

## CERTIFICATE OF SERVICE

I certify that on this 25th day of March 2024, Defendant's Reply in Support of Defendant's Motion to Dismiss was electronically filed and is available for viewing and downloading from the ECF system. Plaintiff's counsel has consented to service through the ECF system.

Dated: March 25, 2024

> */s/ Alexander Nemiroff*
> Alexander Nemiroff (PA ID. #92250)